IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

| | |
|---|---|
| **HEATHER HOGROBROOKS HARRIS,** ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. 2:21-cv-02558-JTF-tmp |
| ) | |
| **WELLS FARGO BANK, et al.,** ) | |
| ) | |
| Defendants. ) | |

**ORDER ADOPTING THE CHIEF MAGISTRATE JUDGE'S
REPORT AND RECOMMENDATION AND DISMISSING CASE**

Before the Court is Plaintiff Heather Hogobrooks Harris's *pro-se* Complaint and Motion to Proceed *in forma pauperis*, filed on August 31, 2021. (ECF Nos. 1 & 2.) Plaintiff initiated the lawsuit alleging violations of 42 U.S.C. §§ 1981, 1982, and 1985(3), as well as state law claims for breach of contract, detrimental reliance, fraudulent misrepresentation, and violations of Tennessee consumer protection statutes against Defendants Wells Fargo Bank, N.A. and Wilson & Associates, P.L.L.C. (collectively, "Defendants") (ECF No. 1.) On September 1, 2021, the Chief Magistrate Judge entered an order granting Plaintiff leave to proceed *in forma pauperis*. (ECF No. 6.) After screening Plaintiff's Complaint under 28 U.S.C. § 1915(e)(2), the Chief Magistrate Judge entered a Report and Recommendation ("R & R") on May 3, 2022, advising the Court to dismiss Plaintiff's Complaint (ECF No. 42.) *Pro-se* Plaintiff's objections to the R & R were filed on May 16, 2022. (ECF No. 43.) Defendants filed responses to Plaintiff's objections to the R & R on May 31, 2022. (ECF No. 44.)

## II.     LEGAL STANDARD

Congress passed 28 U.S.C. § 636(b) "to relieve some of the burden on the federal courts by permitting the assignment of certain district court duties to magistrate judges." *See e.g., Baker v. Peterson*, 67 F. App'x. 308, 311 (6th Cir. 2003) and Fed. R. Civ. P. 72(a). A district court judge must review dispositive motions under the *de novo* standard. *See Matthews v. Weber*, 423 U.S. 261, 275 (1976); *Baker*, 67 Fed. App'x. at 311 and 28 U.S.C. § 636 (b)(1)(B). After review, the district court is free to accept, reject or modify the Chief Magistrate Judge's proposed findings or recommendations*. See Thomas v. Arn*, 474 U.S. 140, 150 (1985).

Any party who disagrees with a Magistrate Judge's recommendation may file written objections. *Id.* at 142; Fed. R. Civ. P. 72(b), 28 U.S.C. § 636(b)(1)(C) and Tenn. West. LR 72.1(g)(2). A failure to file specific objections to a Magistrate Judge's report does not meet the requirement of filing an objection at all. *Howard v. Secretary of Health and Human Services,* 932 F.2d 505, 509 (6th Cir. 1991); *McCready v. Kamminga*, 113 Fed. App'x. 47, 49 (6th Cir. 2004). A district judge should adopt the findings and rulings of the Chief Magistrate Judge to which no specific objection is filed. *Brown v. Board of Educ. of Shelby County Schools*, 47 F. Supp. 3d 665, 674 (W.D. Tenn. 2014). "Pro se complaints are to be held to less stringent standards than formal pleadings drafted by lawyers, and should therefore be liberally construed. . . . Pro se litigants, however, are not exempt from the requirements of the Federal Rules of Civil Procedure." *Wells v. Brown*, 891 F.2d 591, 594 (6th Cir. 1989).

## III.     FINDINGS OF FACT

In his Report and Recommendation, the Chief Magistrate Judge provided a summary of the facts of this case. (ECF No. 42.) As noted, Plaintiff initiated this lawsuit, raising claims under 42 U.S.C. §§ 1981, 1982, and 1985(3), as well as state law claims for breach of contract, detrimental reliance, fraudulent misrepresentation, and violations of Tennessee consumer

protection statutes. (ECF No. 1.) Plaintiff filed objections to the Chief Magistrate Judge's Report and Recommendation, to which Defendants responded. (ECF No. 43, 44.) Plaintiff generally argues that the R & R is not an objective determination of Plaintiff's pleadings of fact, as set out in her Complaint, but rather a brief in support of Defendants and the previous Chief Magistrate Judge's Report and Recommendation. After complaining about being treated unfairly, Plaintiff proceeds to simply restate nearly twenty (20) pages of facts and claims as presented in her Complaint. (ECF No. 43, 2-20.) What Plaintiff does not provide in her objections are reasons why the Chief Magistrate Judge's summary of the facts are wrong or misleading, or that certain facts were overlooked. Thus, the factual objection are only general in nature and not specific as required. Accordingly, the Court **ADOPTS** the Chief Magistrate Judge's proposed findings of fact in this case.

## IV.    LEGAL ANALYSIS

The Chief Magistrate Judge recommends that the Court grant Defendants' Motion to Dismiss because Plaintiff's claims: 1) are barred on *res judicata* grounds; 2) do not support a claim for detrimental reliance; 3) are barred by the applicable statute of limitations and the doctrine of equitable tolling; 4) are not protected under the Tennessee Consumer Protection Act ("TCPA") pursuant to Tenn. Code Ann. § 47-18-104; 5) do not allege outrageous conduct by Defendant Wells Fargo; and 6) Defendant Wells Fargo cannot be held liable for malicious prosecution. (ECF No. 42.) Plaintiff objects to the Chief Magistrate Judge's Report and Recommendation arguing that: 1) she has standing, and that the R & R contradicts itself on whether standing is an adjudication on the merits; 2) her claims for discriminatory lending practices against Defendant Wells Fargo are being overlooked by the Court's application of *res judicata*; and 3) that the doctrine of equitable tolling applies. (ECF No. 43.) Plaintiff does not object to the Chief Magistrate Judge's findings

that her claims are not protected by the TCPA, her claim for detrimental reliance is insufficiently supported in the Complaint, and that Wells Fargo did not engage in outrageous conduct or malicious prosecution. (*Id.*)

**Plaintiff's Objections Regarding the Conclusions of Law**

*Lack of Standing*

In Plaintiff's objections to the Report and Recommendation, she contends that the report contradicts itself on whether she has standing and whether standing is an adjudication on the merits. (ECF No. 43, 20-21.) Apparently, Plaintiff's objection is based on the R & R conclusion that Plaintiff does have standing to bring the state law claims for detrimental reliance, fraudulent misrepresentation, and those under the TCPA, as opposed to a determination in Plaintiff's previous lawsuit against Wells Fargo that Plaintiff lacked standing for claims arising out of her late husband's mortgage. (ECF No. 42, p. 19) *Harris v. Wells Fargo Bank, N.A.*, No. 18-2400- JPM-dkv, 2019 WL 2319529, at *1 (W.D. Tenn. May 31, 2019) (hereinafter *Harris I*) The Chief Magistrate Judge recognized that the court in *Harris I* concluded that Plaintiff lacked standing. (ECF No. 42, 7-8); *see Harris v. Wells Fargo Bank, N.A.*, No. 19-5609, 2020 WL 7231501, at *4 (6th Cir. Jun. 9, 2020) (hereinafter *Harris II*). The Chief Magistrate Judge explained that Plaintiff argued in *Harris I* that the Gran-St. Germain Act conferred standing, and that Harris argues in the instant case that she has "been deprived of receiving the benefit of Garn-St. [sic.] Germain Depository Institutions Act." Plaintiff cites footnote 3 in her objections to support her contention that the Chief Magistrate Judge made contradictory rulings on the issue of standing. (ECF No. 43, 20.) Plaintiff seems to interpret the Chief Magistrate Judge's footnote to mean that the Magistrate refused to revisit the issue of whether Plaintiff lacked standing because the court in *Harris I* determined that she did not. However, the Chief Magistrate Judge did not refuse to revisit the

standing issue. (ECF No. 42 at 7) Rather, he agreed with the court in *Harris I* that standing was not appropriate under the Garn-St Germain Depository Institutions Act. (*Id*.) Harris provides no reason for this court to revisit her prior objection in this case. (*Id.* at n. 3.)

As for *res judicata,* the Chief Magistrate Judge explained what must be shown to determine whether a subsequent action is barred. There must be a final decision, or adjudication, on the merits in the previous action. (*Id*. at pp. 14-17); *Jackson v. Smith*, 387 S.W.3d 486, 491 (Tenn. 2012) While the Chief Magistrate Judge noted that dismissal for lack of standing is not an adjudication on the merits, the Report and Recommendation identified judgments on the merits for Plaintiff's federal claims under 42 U.S.C. §§ 1981, 1982 and 1985(3), as well as the breach of contract claim in *Harris I*. (*Id*. at pp. 14-17 & p. 18 n. 4.) Plaintiff's federal claims were dismissed with prejudice for failure to state a claim for which relief can be granted, which is a judgement on the merits. (*Id*. at p. 15.) *See Pratt v. Ventas, Inc.*, 365 F.3d 514, 522 (6th Cir. 2004) (quoting *Federated Dep't Stores, Inc. v. Moitie*, 452 U.S. 394, 399 n.3, (1981). The breach of contract claim was dismissed as barred by the statute of frauds, which is also a judgment on the merits. (*Id*. at pp. 15-17*); see Pedreira v. Sunrise Children's Servs., Inc.*, 802 F.3d 865, 870 (6th Cir. 2015). Thus, the Chief Magistrate Judge correctly determined that the federal claims and the breach of contract claim should be dismissed on *res judicata* grounds. (ECF No. 42 p. 17.)

Although the Report recommended that all of Harris's federal claims and breach of contract claim be dismissed, it also recommended that Plaintiff has standing on the remaining state law claims, but suggests they be dismissed for failure to state a claim. (*Id*. at 39.) Plaintiff seemingly confused the court's proposed finding of fact regarding lack of standing in *Harris I* with the Chief Magistrate Judge's decision in the R & R that Plaintiff had standing to bring the state law claims for detrimental reliance, fraudulent misrepresentation, and those under the TCPA.

Accordingly, the Court **ADOPTS** the Chief Magistrate Judge's finding that Plaintiff does have standing to bring the state law claims for detrimental reliance, fraudulent misrepresentation, and those under the TCPA, even though they should be dismissed for failure to state a claim.

<u>Racial Lending Practices</u>

Plaintiff alleges that the Report and Recommendation ignores allegations of discriminatory lending practices based on race by Defendant Wells Fargo under §§ 1981 and 1982 (ECF No. 43, p. 21.) The Chief Magistrate Judge recommended that Plaintiff's claims alleging discriminatory lending practices under federal law be dismissed because the Sixth Circuit in *Harris I* dismissed similar claims under §§ 1981 and 1982 with prejudice for failure to state claims for which relief could be granted. As a result, Plaintiff's claims of discriminatory lending practices based on race are barred on *res judicata* grounds.  (*Id.* at 42, p. 17.); *Harris II.*, No. 19-5609, 2020 WL 7231501, at *3.

*Res judicata*, or claim preclusion, bars subsequent claims by parties or their privies based on the same cause of action.  See *Jones v. Memphis Police Dep't,* No. 13- 2066-JDT-tmp, 2013 WL 5516733, at *1 (W.D. Tenn. Oct. 1, 2013); *Trent v. Shelby Cty. Gov't*, No. 2:08-cv-2797-JPM-cgc, 2009 WL 6066974, at *1 (W.D. Tenn. Jul. 30, 2009).  For *res judicata* to apply, the following four-part test is used to determine whether a subsequent action is barred: (1) a final decision on the merits by a court of competent jurisdiction; (2) a subsequent action between the same parties or their privies; (3) an issue in the subsequent action, which was litigated, or which should have been litigated in the prior action; and (4) an identity of the causes of action.  *Kane v. Magna Mixer Co.*, 71 F.3d 555, 560 (6th Cir. 1995).

In affirming the district court's dismissal of *Harris I*, the Sixth Circuit held that Harris failed to state a claim for relief under 42 U.S.C. §§ 1981, 1982 and 1985(3). *Harris II.*, No. 19-

5609, 2020 WL 7231501, at *3.  Specifically, the Sixth Circuit affirmed the dismissal of Harris's §§ 1981 and 1982 claims because Harris "failed to plead a class based discriminatory animus claim." *Id*. The Sixth Circuit affirmed the dismissal of Harris's § 1983(5) claim because she "failed to plead a conspiracy, and Wells Fargo cannot conspire with itself or its own employees." *Id*. at *2.  Because all four elements of *res judicata* are satisfied, the Chief Magistrate Judge correctly concluded that Harris's federal claims must be dismissed.

Accordingly, the Court **ADOPTS** the Chief Magistrate Judge's finding that Plaintiff's claims arising under federal law alleging discriminatory lending practices by Wells Fargo are barred on grounds of *res judicata*.

<u>Equitable Tolling</u>

Plaintiff suggests that she is entitled to equitable tolling to protect her state law claims from being time-barred by asserting that Defendant Wells Fargo's actions prevented Plaintiff from timely filing her Complaint.  (ECF No. 43 p. 21.)  In his discussion of the statute of limitations, the Chief Magistrate Judge determined that equitable tolling is not available to Plaintiff because Plaintiff was aware of her fraudulent misrepresentation claim in 2018 based on her attempt to bring it that year in *Harris I*.  (ECF No. 42 p. 24.)  As a result, the statute of frauds is not available to Plaintiff.

Equitable tolling "allows courts to toll a statute of limitations when a litigant's failure to meet a legally mandated deadline unavoidably arose from circumstances beyond that litigant's control." *Plummer v. Warren*, 463 F. App'x 501, 504 (6th Cir. 2012) However, "the doctrine of equitable tolling is used sparingly by federal courts." *Robertson v. Simpson*, 624 F.3d 781, 784 (6th Cir. 2010) (citing *Graham–Humphreys v. Memphis Brooks Museum of Art, Inc*., 209 F.3d 552, 560 (6th Cir. 2000)).  The Sixth Circuit has outlined five non-exhaustive factors for the court

to consider in deciding whether equitable tolling is appropriate: "1) lack of notice of requirement to file suit; 2) lack of constructive knowledge of the filing requirement; 3) diligence in pursuing one's rights; 4) absence of prejudice to the defendants; and 5) plaintiff's reasonableness in remaining ignorant of the particular legal requirement." *Cheatom v. Quicken Loans*, 587 F. App'x 276, 281 (6th Cir. 2014). Plaintiff's claim for fraudulent misrepresentation was previously dismissed because Plaintiff declared bankruptcy. *Harris II*, No. 19-5609, 2020 WL 7231501, at *3 (6th Cir. Jun. 9, 2020). While Plaintiff's decision to file for bankruptcy did limit somewhat Plaintiff's ability to bring her current claims, it was not an unavoidable circumstance beyond Plaintiff's control. Thus, the doctrine of equitable tolling does not apply.

The Court **ADOPTS** the Chief Magistrate Judge's finding that Plaintiff's state law claim for fraudulent misrepresentation is time-barred and is not protected by equitable tolling.

## CONCLUSION

Accordingly, the Court hereby **ADOPTS** the Chief Magistrate Judge's Report and Recommendation and **DISMISSES** *pro-se* Plaintiff's complaint with prejudice.

**IT IS SO ORDERED** this 14th day of September, 2022.

*s/John T. Fowlkes, Jr.*
JOHN T. FOWLKES, JR.
UNITED STATES DISTRICT JUDGE